## MANEY *v.* UNITED STATES.

No. 27. Argued October 11, 1928.—Decided October 22, 1928.

18

*Messrs. Bruno V. Bitker* and *Louis Marshall,* with whom *Mr. Edwin S. Mack* was on the brief, for petitioner.

*Solicitor General Mitchell,* with whom *Assistant Attorney General Luhring* and *Messrs. Harry S. Ridgely* and *Franklin G. Wixson* were on the brief, for the United States.

MR. JUSTICE HOLMES delivered the opinion of the Court.

The petitioner obtained a certificate of naturalization by a decree of a District Court of the United States in February, 1924. In June, 1925, the United States filed a petition to have the certificate cancelled on the ground that it was illegally procured. The District Court dismissed the Government's suit, 13 F. (2d) 662. But this decision was reversed by the Circuit Court of Appeals and an order cancelling the certificate of naturalization was directed. 21 F. (2d) 28. A writ of certiorari was granted by this Court, 276 U. S. 609.

The petition for naturalization was filed on November 13, 1923, but at that time there was not filed the certificate from the Department of Labor stating the date, place, and manner of arrival in the United States, and the declaration of intention of such petitioner, which the Naturalization Act of June 29, 1906, c. 3592, § 4, 34 Stat. 596 (Code, Title 8, § 380), required to be attached to and made part of the petition. It is said that the Department of Labor did not issue the certificate until November 24, 1923, and it was not mailed to the clerk of the Naturalization Court until December 3. The hearing on naturalization took place on February 11, 1924, and the District Court, against the objection of the United States, ordered the certificate filed and attached to the petition *nunc pro tunc,* as of the date when the petition was filed, and made the decree purporting to admit the petitioner to citizenship that has been annulled in the present proceeding. The petitioner says that the original decree made the question *res judicata,* and that it was right, or at least within the power of the Court.

By § 15 of the Naturalization Act, (C., § 405,) it is made the duty of district attorneys upon affidavit showing good cause therefor to institute proceedings for cancellation " on the ground that the certificate of citizenship

was illegally procured." The first question is whether the certificate was illegally procured within the meaning of § 15. If the statute makes it a condition precedent to the authority of the Court to grant a petition for naturalization that the Department of Labor's certificate of arrival shall be filed at the same time, then, when it appears on the face of the record that no such certificate has been filed, a decree admitting to citizenship is bad. It is illegal in the sense that it is unauthorized by and contrary to the law. *United States* v. *Ginsberg,* 243 U. S. 472, 475. *United States* v. *Ness,* 245 U. S. 319, 324, 325.

We are of opinion that the Circuit Court of Appeals was right in holding that the filing with the petition of the certificate of arrival was a condition attached to the power of the court. Although the proceedings for admission are judicial, *Tutun* v. *United States,* 270 U. S. 568, they are not for the usual purpose of vindicating an existing right but for the purpose of getting granted to an alien rights that do not yet exist. Hence not only the conditions attached to the grant, but those attached to the power of the instrument used by the United States to make the grant must be complied with strictly, as in other instances of Government gifts. By § 4 of the Act an alien may be admitted to become a citizen of the United States in the manner prescribed, "and not otherwise." And by the same section the certificate from the Department of Labor is to be filed " at the time of filing the petition." (C., §§ 372, 379.) The form provided by § 27 (C., § 409) alleges that the certificate is attached to and made a part of the petition. The Regulations of the Secretary of Labor embodied our interpretation of the law, and would have warned the petitioner if she had consulted them. Rule 5, Ed. February 15, 1917; Ed. September 24, 1920. *United States* v. *Ness,* 245 U. S. 319, 323. It already has been decided that the filing of the certificate is an essential prerequisite to a valid order of naturalization, *United*

*States* v. *Ness, supra,* and that a hearing in chambers adjoining the courtroom does not satisfy the requirement of a hearing in open Court. *United States* v. *Ginsberg,* 243 U. S. 472. The reasoning that prevailed in those cases must govern this. A hearing in less than ninety days from the public notice required by § 6 (Code, § 396) surely would have been as bad as a hearing in chambers. But as it has been decided that no valid decree could be made until the certificate was filed and as the hearing took place and the decree was entered in less than ninety days from the time when the certificate was received the want of power seems to us doubly plain. If, after the certificate came, the petition had been refiled, a new notice had been given and ninety days had been allowed to elapse before the hearing, there would be a different case.

It is said that the District Court had control of procedural matters and could cure formal defects. Very likely it had power to cure defective allegations, but it had not power to supply facts. If, as we decide, the petitioner was required to file the Department of Labor's certificate at the same time that she filed her petition, the District Court could not cure her failure to do so and enlarge its own powers by embodying in an order a fiction that the certificate was filed in time.

As the certificate of citizenship was illegally obtained, the express words of § 15 authorize this proceeding to have it cancelled. The judgment attacked did not make the matter *res judicata,* as against the statutory provision for review. The difference between this and ordinary cases already has been pointed out and would be enough to warrant a special treatment. But it hardly can be called special treatment to say that a record that discloses on its face that the judgment transcends the power of the judge may be declared void in the interest of the sovereign who gave to the judge whatever power he had.

*Judgment affirmed.*