## UNITED STATES v. HUMPHREY.

Circuit Court of Appeals, Fifth Circuit. December 11, 1928.

No. 5351.

Norman A. Dodge, U. S. Atty., of Fort Worth, Tex. (C. F. Tucker, District Director of Naturalization, of Fort Worth, Tex., on the brief), for the United States.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. This is an appeal from an order or decree naturalizing the appellee, a native of the state of Texas, who married a British subject on October 27, 1920, left with him the same day for Canada, where she remained until her husband's death in February, 1923, except that in 1922 she returned to the United States and spent the months of April and May of that year visiting her parents, who resided in Texas. Upon her husband's death she returned to the United States, and remained there until May, 1924, when she returned to Canada and remained there, except when she was in the United States on brief visits, until she returned to the United States in September, 1927, after having married in Canada another British subject in February, 1927. The appellee testified that it had never been her intention to relinquish her residence in the United States; that she had always considered the United States her home; that her absence in Canada was temporary; that her absence in Canada, beginning in May, 1924, was for the sole purpose of settling her husband's estate, and was prolonged, due to matters over which she had no control. No certificate of arrival from the Department of Labor, stating the date, place, and manner of appellee's arrival in the United States, was filed with her petition.

Section 4 of Act of September 22, 1922 (42 Stat. 1022; U. S. C. tit. 8, § 369 [8 USCA § 369]), reads as follows:

"A woman who, before September 22, 1922, has lost her United States citizenship by reason of her marriage to an alien eligible for citizenship, may be naturalized as provided in the preceding section. No certificate of arrival shall be required to be filed with her petition if during the continuance of the marital status she shall have resided within the United States. After her naturalization she shall have the same citizenship status as if her marriage had taken place after September 22, 1922."

A requirement of section 2(b) of that act is that the petitioner "shall have resided continuously in the United States, Hawaii, Alaska, or Porto Rico for at least one year immediately preceding the filing of the petition." 8 USCA § 368. Under the quoted section 4, the certificate of arrival prescribed by statute (U. S. C. tit. 8, § 380 [8 USCA § 380]) was required to be filed with the petition, unless during the continuance of the marital status the appellee resided in the United States. The petition for naturalization in this case was required to be verified by the affidavit of at least two credible witnesses, who are citizens of the United States, and who shall state in their affidavits that they have personally known that the applicant resided continuously in the United States, Hawaii, Alaska, or Porto Rico for at least one year immediately preceding the filing of the petition. U. S. C. tit. 8, §§ 368, 379 (8 USCA §§ 368, 379).

We think it is plain that the statutory requirements as to residence in the United States prior to the filing of the petition have reference to the actual presence of the

petitioner in the United States, which may be personally known to others residing therein. We are not of opinion that, within the meaning of the above set out provision, the residence of the appellee within the United States during the continuance of the marital relation was shown by evidence to the effect that during that period she was living in Canada with her husband, except during the two months when she was in the United States visiting her parents. It follows that the state of facts the existence of which under that provision dispenses with the requirement as to filing a certificate of arrival (U. S. C. tit. 8, § 380 [8 USCA § 380]) was not shown. This being so, the court was without power to grant the petition for naturalization, in the absence of the filing with the petition of the certificate of arrival. Maney v. United States (October term, 1928) 49 S. Ct. 15, 73 L. Ed. ——.

It may be noted that appellee became an alien as a result of her first marriage, not of her second marriage. U. S. C. tit. 8, § 9 (8 USCA § 9).

The above order or decree is reversed.