## UNITED STATES v. BISCHOF.

District Court, S. D. New York.   October 3, 1929.

Charles H. Tuttle, U. S. Atty., of New York City (Jacob Meirowitz, Asst. U. S. Atty., of New York City, of counsel), for the United States.

William E. Riseley, of New York City, for respondent.

HUTCHESON, District Judge.   This is a petition brought under section 15 of the Naturalization Act (8 USCA § 405), to cancel a certificate of citizenship granted the respondent by the Supreme Court of the state of New York in and for Sullivan county, on June 23, 1928, on the ground of illegality in its procurement.   The illegality asserted was that the defendant had not behaved as a person of good moral character during the period of five years immediately preceding the date of his application for naturalization, since during said period his wife had instituted a suit for and obtained against him a decree of absolute divorce in the Supreme Court of the state of New York on the ground of adultery.

On the trial before me it was made to

appear that the government appeared in the naturalization proceedings in the state court, and contested the granting of the certificate on the same ground now asserted, and that upon a full hearing, including evidence pertaining to the divorce, the district judge determined that the applicant was entitled to a certificate, and, so determining, granted it over the objection of the naturalization officer.

The Naturalization Act (section 4 [8 USCA § 382]) provides, among other qualifications necessary for admission to citizenship, that *it shall be made to appear to the satisfaction of the court* admitting any alien to citizenship, that he has behaved as a man of good moral character for a period of five years immediately preceding the date of his application for admission to citizenship. But for the decision of Judge Goddard in United States v. Unger (D. C.) 26 F.(2d) 114, I would have thought that it did not admit of question that, when the statute submitted to a court for determination the question of whether a person was of good moral character, that decision could not be attacked in a proceeding under section 15. In addition to this case, the government cites U. S. v. Mulvey (C. C. A.) 232 F. 513, and U. S. v. Gokhale (C. C. A.) 26 F.(2d) 360, as conclusive of this case.

Notwithstanding these decisions, reflection on the matter and an examination of the applicable law convinces me that the judgment of the state court is beyond the reach of attack on the ground asserted here. That a proceeding for naturalization is a case, and that where the government appears in opposition the judgment in it is entitled to full faith and credit, except against the charge of fraud or illegality, is settled by and since Tutun v. U. S., 270 U. S. 568, 46 S. Ct. 425, 70 L. Ed. 738. This being so, even in this age of cocksureness as to what is and what is not moral, I should have thought that a finding in such a case by a court given jurisdiction to decide a point of morals could not be said, even though erroneous, to have resulted in an illegal judgment.

Fraud and illegality are strong words, having meanings fairly well defined, and it has never been supposed that there was either fraud or illegality in a judgment where jurisdiction existed, and the judge disposed of the issues upon a full and fair presentation of the facts, even though his disposition might be regarded as erroneous. U. S. v. Sakharam Pandit (C. C. A.) 15 F.(2d) 286; U. S. v. Hirschhorn (D. C.) 21 F.(2d) 760.

As to the Mulvey Case, this was decided before Tutun v. U. S., supra, and others in the Supreme Court, had clearly declared the judicial character of such a proceeding, and marked out the difference between want of power in the court to act, and error in the exercise of that power. Maney v. U. S., 278 U. S. 21, 49 S. Ct. 15, 73 L. Ed. 156.

In the Gokhale Case, a writ of certiorari having been granted, the judgments of the District Court and the Circuit Court of Appeals were by stipulation in that case vacated and set aside, and the case remanded, with directions to dismiss the petition.

Plaintiff's action to cancel being without merit, its petition should be dismissed for want of equity.