## In re LORENZONI.
### No. 2226.

District Court, M. D. Pennsylvania.
July 21, 1930.

M. J. Martin, of Scranton, Pa., for petitioner.

John C. F. Gordon, District Director of Naturalization, of Philadelphia, Pa., for the United States.

JOHNSON, District Judge.

This is the petition of Julia Lorenzoni, praying that she and her infant daughter, Verna Lorenzoni, be declared naturalized citizens of the United States, and that certificates of naturalization be issued to them, and that, pending the disposition of this petition, a temporary injunction be granted restraining the government of the United States from deporting the petitioner and her children from the United States. A rule was granted on the petition returnable to the next naturalization court.

On January 29, 1929, a typewritten petition was filed in this court, setting forth that the petitioner was born on the 29th day of May, 1890, at Iron Mountain, Mich., in the United States; that her parents were naturalized citizens of the United States; that on December 31, 1912, she married in Stockton, Cal., Guida Lorenzoni, a citizen of Austria; that in April, 1920, she went with her father, who was in ill health, to Italy in an effort to improve his health, being accompanied by her mother, her daughter, and her husband. After the death of her father abroad in July, 1926, she returned to the United States, entering by the port of New York on the steamer Duilio on September 12, 1927, since which time she has resided in the United States, and she now resides in Hazelton, Pa., in this district.

The Director of Naturalization appeared, by his assistant Stevens, in answer to the rule and entered objection to the granting of the prayer of the petition on the grounds that the petition filed does not comply with the laws providing for naturalization, as prescribed by the Act of Congress of June 29, 1906 (34 Stat. 596), as amended, in that the petition was typewritten and not on the forms required by law, was not verified by the affidavit of at least two creditable witnesses, that no certificate of arrival was filed with the clerk of the court at the time of the filing of the petition, and that the petition was verified before a notary public and not before the clerk of the court or his deputy, as required by law.

The question is whether this petition complies with the Act of June 29, 1906 (section 4 [8 USCA § 379]).

An alien is not entitled to naturalization unless all the statutory requirements are complied with. This petition clearly fails to com-

ply with these requirements. The law requires that the petition must be presented on blank forms furnished by the Bureau of Naturalization; that it must be verified by the affidavit of at least two creditable witnesses; that a certificate of arrival must be filed with the clerk of the court at the time of the filing of the petition; and that it must be verified before the clerk of the court or his deputy. The necessity for a strict compliance with these requirements of naturalization has been stated and reiterated by the Supreme Court of the United States in a number of cases. United States v. Ginsberg, 243 U. S. 472, 37 S. Ct. 422, 61 L. Ed. 853; United States v. Ness, 245 U. S. 319, 38 S. Ct. 118, 62 L. Ed. 321; Maney v. United States, 278 U. S. 17, 49 S. Ct. 15, 73 L. Ed. 156. See, also, In re Guary (D. C.) 271 F. 968. The petition in this case is defective and must be dismissed.

The Director of Naturalization will not object to the filing of a valid petition in this case, and has offered his services to assist in the filing of such petition so that the application for citizenship may be determined upon its merits. For this purpose the temporary injunction restraining the deportation of the petitioner and her children until after hearing and final decision on the merits of the application for naturalization will be continued.

And now, July 21, 1930, the petition for naturalization is dismissed, and the rule granted thereon is discharged, and leave is granted to the petitioner to file a petition for naturalization, in accordance with the provisions of the Act of Congress of June 29, 1906 and its amendments, and the restraining order heretofore granted, restraining the government of the United States from deporting the petitioner and her children, is continued until the further order of this court.