## UNITED STATES v. SARACINO.

### No. 4104.

Circuit Court of Appeals, Third Circuit.

Sept. 8, 1930.

Charles Denby, Jr., Asst. U. S. Atty., and Calvin S. Boyer, Acting U. S. Atty., both of Philadelphia, Pa.

Adrian Bonnelly, of Philadelphia, Pa., for appellee.

Before WOOLLEY and DAVIS, Circuit Judges, and JOHNSON, District Judge.

JOHNSON, District Judge.

The petition of Silvio Saracino for naturalization as a citizen of the United States of America was filed February 8, 1926, and he was permitted to take the oath of allegiance on May 10, 1926, and was on the same day admitted to citizenship. On July 28, 1927,

a petition was filed by the United States to cancel the certificate of naturalization on the ground that Saracino had "denied under oath before United States Naturalization Examiner Herbert S. Read that he had ever been arrested and willfully and knowingly concealed from said representative of the government and from the naturalizing court at the time of his naturalization" the fact that he had been arrested and convicted prior to his naturalization of aggravated assault and battery and assault and battery with intent to kill, and that he "concealed material facts as to his moral character from the Government." The answer to the petition did not deny these facts, and the petition came on for hearing before the District Court on July 31, 1928. Upon hearing, the District Court on March 7, 1929, entered a decree dismissing the petition. From this decree, the United States of America has taken an appeal to this court.

The question for determination on this appeal is whether the naturalization certificate granted to Silvio Saracino prior to the Act of June 8, 1926, 44 Stat. 709 (8 USCA § 399a), should be canceled because he withheld from the naturalization examiner material facts as to his moral character and knowingly made a false, material statement, under oath, in the preliminary examination before a naturalization examiner as a result of which no objection was made by the United States in open court to the alien's naturalization.

The Act of June 29, 1906, § 15, 34 Stat. 601, as amended (8 USCA § 405), provides:

"It shall be the duty of the United States district attorneys for the respective districts, or the Commissioner or Deputy Commissioner of Naturalization, upon affidavit showing good cause therefor, to institute proceedings in any court having jurisdiction to naturalize aliens in the judicial district in which the naturalized citizen may reside at the time of bringing the suit, for the purpose of setting aside and canceling the certificate of citizenship on the ground of fraud or on the ground that such certificate of citizenship was illegally procured."

 The act of Congress authorizes the cancellation of a naturalization certificate "on the ground of fraud." The District Court held that "the legal justification for an order of revocation must be based upon a fraud upon the court." No authority is quoted in the opinion in support of the position that the fraud must be upon the court. Nothing in the statute supports this position. It is specifically provided that a certificate of naturalization may be revoked "on the ground of fraud." A naturalization certificate should be canceled if the applicant has committed fraud upon the government. The examination was one step in ascertaining whether the alien was a fit candidate for citizenship. The Supreme Court of the United States has held that the grant of naturalization is one of the highest gifts which can be conferred by the United States. For this reason, it is obvious that the alien must deal with the utmost good faith toward the government.

In Maney v. United States, 278 U. S. 17, on page 22, 49 S. Ct. 15, 16, 73 L. Ed. 156, it was said: "Although the proceedings for admission are judicial * * * they are not for the usual purpose of vindicating an existing right but for the purpose of getting granted to an alien rights that do not yet exist. Hence not only the conditions attached to the grant, but those attached to the power of the instrument used by the United States to make the grant must be complied with strictly, as in other instances of Government gifts. By section 4 of the Act [8 USCA § 372] an alien may be admitted to become a citizen of the United States in the manner prescribed, 'and not otherwise.' "

The Supreme Court, in United States v. Manzi, 276 U. S. 463, stated at page 467, 48 S. Ct. 328, 329, 72 L. Ed. 654: "Citizenship is a high privilege, and when doubts exist concerning a grant of it, generally at least, they should be resolved in favor of the United States and against the claimant." .

For the reasons stated above, the decree of the District Court is reversed, and the case is remanded for cancelation of the certificate of naturalization, in accordance with this opinion.