### Application of BARILLA.

District Court, S. D. New York.

Oct. 24, 1939.

Sydney R. Snitkin, of New York City (Samuel J. Mandel, of New York City, of counsel), for petitioner.

John T. Cahill, U. S. Atty, of New York City (Noel Hemmendinger, Asst. U. S. Atty., of New York City, of counsel), for respondent.

GODDARD, District Judge.

This is a petition by the alien, Barilla, now detained at Ellis Island for deportation to Italy, for an order directing the Secretary of Labor to file with the Clerk of the Court a petition for naturalization executed by Barilla on November 26, 1918 and now in the custody of the Secretary of Labor, and upon such filing for a certificate of naturalization nunc pro tunc as of November 26, 1918. This proceeding has been instituted by order to show cause directed to the Secretary of Labor and served upon the Commissioner of Immigration and Naturalization at the Port of New York. The respondent, appearing specially, moves to dismiss this petition for want of jurisdiction and on the ground that it does not state facts entitling the petitioner to any relief.

The following material facts are stated in the petition and affidavits and are not disputed by the respondent:

Barilla, born in Italy on February 2, 1894, came to the United States on March 5, 1908 and since then has resided here. On April 12, 1917 he enlisted in the United States Army; on August 23, 1917 he went to France with the Expeditionary Forces and while serving in France on November 26, 1918 he executed an "overseas" petition for naturalization pursuant to 8 U.S.C.A. § 390 and which was turned over to a representative of the Immigration and Naturalization Service. When he signed it he was informed this was all he had to do then and that he was a citizen of the United States from that date on. He returned to the United States with the United States Army Forces on June 10, 1919 and was honorably discharged from the army on June 14, 1919. On April 23, 1936 he was informed by an Inspector from the Immigration and Naturalization Service that there was something wrong with his naturalization. That he has now discovered that the Immigration and Naturalization Service never filed his "overseas" petition with the clerk of the United States District Court and that his petition therefor has never been acted upon by any court of competent jurisdiction; that his petition is now in the custody of the Department of Labor; that a warrant of deportation has been lodged against him and he is now detained at Ellis Island.

He petitions for an order of this court directing the Secretary of Labor to file

his "overseas" petition with the clerk of the District Court in this district, and that upon such filing his petition for naturalization be passed upon nunc pro tunc as of November 26, 1918, and for such other relief as may be appropriate.

The petitioner was married in 1921 and has two children, native born American citizens, of the ages of sixteen and thirteen years respectively; his wife died in 1934.

The Department of Labor secured the warrant for deportation upon the ground that he is an alien who subsequent to his entry into the United States, had been sentenced to imprisonment more than once for a term of one year for a crime involving moral turpitude.

The government raises several objections to the jurisdiction of the court, as well as to the merits of the petition. However, it is unnecessary to consider the jurisdictional questions for aside from any lack of jurisdiction, I feel compelled to dismiss the petition.

Section 390 does not expressly indicate within what period after 1918 such a petition must be filed, but, 8 U.S.C.A. § 392b (b), enacted in 1932, explicitly provided that such petitions upon which naturalization had not been granted by May 25, 1932 were invalid for all purposes. However much the equities favor petitioner, and however much the court might like to award him the relief which, in fairness, he ought to have the court does not have the power to say that a petition may be revived with its full effect and filed, in the face of a statute which has explicitly declared that such a petition is invalid. A certificate of citizenship granted under such conditions would be illegal as it is unauthorized and contrary to the law. United States v. Ginsberg, 243 U.S. 472, 37 S.Ct. 422, 61 L.Ed. 853; United States v. Ness, 245 U.S. 319, 38 S.Ct. 118, 62 L.Ed. 321. The power of a court to issue nunc pro tunc orders in naturalization cases is quite limited. In Maney v. United States, 278 U.S. 17, 49 S.Ct. 15, 73 L.Ed. 156, it appeared that the Naturalization Act required that a certificate of arrival be filed with the declaration of intention. The certificate was filed three weeks late and the court granted an order allowing it to be filed and attached to the petition nunc pro tunc. Mr. Justice Holmes, 278 U.S. at page 23, 49 S.Ct. at page 16, 73 L.Ed. 156, wrote, "It is said that the District Court had control of procedural matters and could cure formal defects. Very likely it had power to cure defective allegations but it had not power to supply facts. If, as we decide, the petitioner was required to file the Department of Labor's certificate at the same time that she filed her petition, the District Court could not cure her failure to do so and enlarge its own powers by embodying in an order a fiction that the certificate was filed in time".

In the case at bar we have a petition which the law said is invalid unless filed before May 25, 1932. It was not filed. This court is powerless to remedy the Department of Labor's failure to file it; a nunc pro tunc order would embody a mere fiction.

Why Barilla's petition was not caused to be properly filed is sought to be explained by the fact that such petitions were, in some instances, transmitted by army channels to the Labor Department and its representative filed them in the court where the petitioner resided along with affidavits of the witnesses named in the petition, which affidavits would be obtained by representatives of the Labor Department. But it seems that in most instances no action was taken unless the petitioner on his return requested it, as it was generally thought advisable to let the petitioners bring a more regular proceeding themselves upon their return to the United States than to adopt the extraordinary procedure under § 390, and the bulk of such petitions expired in the files in Washington.

The government urges that statutes in force almost continuously until 1938 provided an expeditious manner in which aliens, who were veterans, might be naturalized and that the petitioner during all these years has never himself sought to obtain the certificate of his naturalization. But this does not excuse Barilla's superior officers for their failure to see that his petition was filed as promised.

I must dismiss this petition, but in view of the extraordinary circumstances I respectfully suggest that the petitioner be given a re-hearing by the Board of Review and that if the Board has discretion in this matter that it be exercised so as to relieve the petitioner from the unfortunate situation in which he now finds himself as a result of the failure to file his petition for citizenship in due time.

This petition is dismissed.