### KHARAITI RAM SAMRAS v. UNITED STATES.

No. 9831.

Circuit Court of Appeals, Ninth Circuit.

Feb. 13, 1942.

Walter F. Lynch, of San Francisco, Cal., for appellant.

Frank J. Hennessy, U. S. Atty., and R. B. McMillan and L. R. Mercado, Asst. U. S. Attys., all of San Francisco, Cal., for appellee.

Before GARRECHT, HANEY, and HEALY, Circuit Judges.

HANEY, Circuit Judge.

Appeal is taken from an order of the court below denying a petition for citizenship.

Appellant was born in Manko, India in 1904, and is of the East Indian (Hindu) race. He was admitted into the United States for permanent residence on May 1, 1923. He filed his declaration of intention on August 12, 1937 and his petition for naturalization on August 15, 1940. On December 23, 1940, an examiner designated to conduct preliminary hearings on such petitions pursuant to 8 U.S.C.A. § 733, recommended that appellant's petition be denied on the ground that he "is not a person of the White Race or of African nativity or descent, and therefore is not eligible to naturalization". The order denying the petition was entered on December 27, 1940 "on the ground of racial ineligibility". This appeal was then taken.

The provisions for naturalization of aliens, at the time material here, were extended only to "aliens being free white persons, and to aliens of African nativity and to persons of African descent". Rev. St. § 2169, as amended, 8 U.S.C.A. § 703 note. Appellant contends that such statute is unconstitutional and void because: (1) Art. 1, § 8, Cl. 4 of the Constitution empowers Congress "To establish an uniform Rule of Naturalization, and uniform Laws on the subject of Bankruptcies throughout the United States", and this clause means uniformity as to all races and not uniformity geographically throughout the United States; (2) Art. 1, § 8, Cl. 18 of the Consti-

tution empowers Congress "To make all Laws which shall be necessary and proper for carrying into Execution the foregoing Powers" and the statute in question is neither "necessary" nor "proper" in that respect; and (3) the Fifth Amendment of the Constitution provides that "No person shall * * * be deprived of life, liberty, or property, without due process of law" and the statute in question violates that amendment in that the statute in question is a manifestly and grossly unreasonable, irrational, illogical, arbitrary, capricious and discriminatory classification based on race or color.

The argument of appellant is based on the assumption that the courts may determine questions regarding naturalization not entrusted to them by Congress. In other words, there are certain actions of Congress which cannot be reviewed in the courts. For example, Congress is empowered to declare war, but we suppose no one would contend that the courts could nullify such a declaration on the ground that it was arbitrary, capricious and unreasonable. Power over naturalization, although expressly given to Congress by the Constitution, is similar to the inherent power of Congress over the exclusion and deportation of aliens. Regarding the latter, the power is political, and the exercise thereof cannot be challenged in the courts. Nishimura Ekiu v. United States, 142 U.S. 651, 659, 660. No less reason exists for saying that the power over naturalization is political also. This point is not argued by either party.

■ However, assuming that we may discuss the questions argued, we think none of the contentions is sound. Regarding the provision in the Constitution empowering Congress to establish a "uniform" rule of naturalization, we think the restriction of uniformity relates to geography only. See The Federalist No. XLII; Thomas v. Woods, 8 Cir., 173 F. 585, 591, 26 L.R.A., N.S., 1180, 19 Ann.Cas. 1080.

■■ The test, as to what the Constitution means when it empowers Congress to make all laws which shall be "necessary and proper" for carrying into execution the preceding enumerated powers, is stated in Legal Tender Cases, 110 U.S. 421, 440, 4 S.Ct. 122, 125, 28 L.Ed. 204:

"By the settled construction and the only reasonable interpretation of this clause the words 'necessary and proper' are not limited to such measures as are absolutely and indispensably necessary, without which the powers granted must fail of execution; but they include all appropriate means which are conducive or adapted to the end to be accomplished, and which, in the judgment of Congress, will most advantageously effect it."

It is obvious that the statute was one which in the judgment of Congress would effect a "uniform Rule of Naturalization", otherwise it would not have been passed. It is likewise obvious that a statute is an appropriate means of establishing the rule, and that the statute in question was adapted or suitable to establish such uniform rule. The statute cannot, therefore, be voided on the ground that it is not "necessary and proper".

■ "Life" and "liberty" mentioned in the Fifth Amendment are not involved here. Has appellant been deprived of "property" without due process of law? The only thing in question is appellant's alleged right to citizenship. Assuming that such a right is property, the real question comes down to: Does appellant have a right to citizenship? He obviously has obtained no such right by statute because the statute does not include him. If he has such a right, he could obtain it from only one source—the Constitution. Does he have such a right under the Constitution? That question is settled by the following statement from Tutun v. United States, 270 U.S. 568, 578, 46 S.Ct. 425, 427, 70 L.Ed. 738: "It is true that the Constitution does not confer upon aliens the right to naturalization". See, also, United States v. Macintosh, 283 U.S. 605, 615, 51 S.Ct. 570, 75 L.Ed. 1302; United States v. Schwimmer, 279 U.S. 644, 649, 49 S.Ct. 448, 73 L.Ed. 889; Maney v. United States, 278 U.S. 17, 22, 49 S.Ct. 15, 73 L.Ed. 156.

■ Appellant also contends that he is a free white person within the meaning of the statute. 8 U.S.C.A. § 703 note. United States v. Bhagat Singh Thind, 261 U.S. 204, 43 S.Ct. 338, 67 L.Ed. 616 is admittedly contrary. Appellant contends that such decision "should be reconsidered and departed from" and states:

" * * * We believe that with the present changed personnel of the United States Supreme Court it is entirely possible that they may reconsider their decision in the Thind case, supra, and depart therefrom and hold that natives of India (Hin-

dus) are 'white' persons within the spirit and meaning of" the statute. While the Supreme Court of the United States can overrule the Supreme Court of the United States, that is something which we cannot do. On the authority of United States v. Bhagat Singh Thind, supra, we hold that appellant is not within the statute in question.