## UNITED STATES v. FORREST.
### Misc. No. 254.

District Court, D. Rhode Island.
Dec. 20, 1946.

George F. Troy, U. S. Atty., and Edward M. McEntee, Asst. U. S. Atty., both of Providence, R. I., for plaintiff.

William B. Sweeney, and Everett D. Higgins, both of Providence, R. I., for defendant.

HARTIGAN, District Judge.

This is a petition in which the government prays that the certificate of citizenship issued to Bernard Forrest be set aside and cancelled.

Bernard Forrest, a native of Canada and former subject of Great Britain, on May 7, 1940, filed a petition for naturalization No. 3569 at Miami, Florida, in the United States District Court for the Southern District of Florida, which petition was granted and he was admitted to citizenship by said district court on November 12, 1940, and Certificate of Naturalization No. 4857743 was issued to him.

The government alleges that said certificate was fraudulently and illegally procured by the respondent in violation of the Nationality Code of 1940, Title 8 U.S.C.A. §§ 707, 709 and 712, for the following reasons: (a) That Forrest testified under oath during a preliminary hearing conducted by a United States Naturalization Examiner on October 23, 1940, that he was married in Putnam, Connecticut, on August 22, 1934, to his wife Catherine, who was born in Providence, Rhode Island, and who is a citizen of the United States by birth and that Forrest in support of said statement exhibited a copy of his wife's birth certificate and certificate of marriage; when in truth and fact Forrest was divorced from his wife on the date of said hearing; (b) that the respondent under oath at said hearing testified he was never arrested or prosecuted on or about April 12, 1921, for stealing a package containing $4500 from a post office in St. Lin, Canada; (c) that on March 31, 1938, Forrest registered as a qualified voter in Miami, Florida, and stated under oath that he was a native of Rhode Island when in truth and fact he was not a native of Rhode Island and was not on said date a citizen of the United States; and (d) that Forrest represented in his said petition for naturalization that he was a person of good moral character during the period required by law prior to his admission to citizenship, when in truth and fact he did not behave as a person of good moral character during said period.

A naturalization examiner testified that on October 22, 1940, he conducted a preliminary hearing and examined Forrest under oath on all material matters pertaining to his petition for naturalization and that he asked Forrest if he was divorced and that Forrest answered "No".

The government offered in evidence the final decree of divorce, Exhibit 1, issued in the Circuit Court of the Eleventh Judicial Circuit of Florida, in and for Dade County, in Chancery Sitting, No. 64646, entitled "Bernard Forrest, Plaintiff v. Catherine W. Forrest, Defendant." Said final decree of divorce was entered September 11, 1940.

Forrest admitted his divorce and that it had not been set aside. He also admitted that he had not been living with his wife since September 11, 1940.

In support of (c) the government offered in evidence Exhibit 2, the certificate of the Supervisor of Registration in and for Dade County, State of Florida, which certified that "the attached photostat is a true and correct copy of the registration of Bernard Forrest who registered to vote in Precinct No. 10 of Dade County Registration Books, on March 31, 1938, Certificate No. 2268, giving his address as 10306 N. W. Miami Avenue, his age as thirty-five, and his birth place as Rhode Island. I further certify that the above statements made by him were sworn to under oath."

At the top of the Official Register of Electors, which Forrest admitted signing, there appears in plain type the following:

"Oath to be Taken by Each Person Before Being Registered

"I do solemnly swear (or affirm) that I will protect and defend the Constitution of the United States and of the State of Florida; that I am twenty-one years of age, and have been a resident of the State of Florida for twelve months, and of this County for six months; that I am a citizen of the United States, and that I am qualified to vote under the Constitution and laws of the State of Florida."

Forrest testified that when he registered he was not asked if he was a citizen of the

United States or where he was born. In explanation of the answer as to his "Nativity" he testified that the election official asked him where he came from and he said "Rhode Island."

He testified that he had been told that he had a right to vote because he owned real estate in Florida and that after registering he sought legal advice and was told he had no such right and that he did nothing to have his name stricken from the Official Register of Electors.

Forrest's testimony relative to his registration and his divorce did not impress me. He is a college graduate. I can come to no other conclusion than that he knowingly swore falsely when he registered to vote and also when he testified before the naturalization examiner relative to his divorce.

 Such false statements convince me that Forrest was not a person of good moral character during the period required by law prior to his admission to citizenship. 8 U.S.C.A. § 707(a).

 I find that there is no substantial evidence to sustain allegation (b), supra.

In United States v. Zgrebec, D.C., 38 F.Supp. 127, 129, the court said:

"* * * But naturalization is a privilege granted by the statutes. 8 U.S.C.A. § 351 et seq. It is not a right. There is no obligation upon this government to grant it and because of that the provisions of the statute must be strictly observed. The duty rests not upon the United States, but upon the applicant to see that he makes no false statements. In United States v. Ginsberg, 243 U.S. 472, 37 S.Ct. 422, 61 L.Ed. 853; United States v. Zaltzman, D.C., 19 F. Supp. 305; and in United States v. Manzi, 276 U.S. 463, 48 S.Ct. 328, 72 L.Ed. 654, it was held that any reasonable doubt in granting citizenship must be resolved in favor of the United States. * * *"

In United States v. Saracino, 3 Cir., 43 F.2d 76, 77, the court said:

"* * * A naturalization certificate should be canceled if the applicant has committed fraud upon the government. The examination was one step in ascertaining whether the alien was a fit candidate for citizenship. The Supreme Court of the United States has held that the grant of naturalization is one of the highest gifts which can be conferred by the United States. For this reason, it is obvious that the alien must deal with the utmost good faith toward the government.

"In Maney v. United States, 278 U.S. 17, on page 22, 49 S.Ct. 15, 16, 73 L.Ed. 156, it was said: 'Although the proceedings for admission are judicial * * * they are not for the usual purpose of vindicating an existing right but for the purpose of getting granted to an alien rights that do not yet exist. Hence not only the conditions attached to the grant, but those attached to the power of the instrument used by the United States to make the grant must be complied with strictly, as in other instances of Government gifts. By section 4 of the Act (8 U.S.C.A. § 372) an alien may be admitted to become a citizen of the United States in the manner prescribed, "and not otherwise." '

"The Supreme Court, in United States v. Manzi, 276 U.S. 463, stated at page 467, 48 S.Ct. 328, 329, 72 L.Ed. 654: 'Citizenship is a high privilege, and when doubts exist concerning a grant of it, generally at least, they should be resolved in favor of the United States and against the claimant.' "

In Schneiderman v. United States, 320 U.S. 118, 161, 63 S.Ct. 1333, 1354, 87 L.Ed. 1796, rehearing denied 320 U.S. 807, 64 S.Ct. 24, 88 L.Ed. 488, the court said:

"Sec. 15 of the Naturalization Act gives the United States the power and duty to institute actions to set aside and cancel certificates of citizenship on the ground of 'fraud' or on the ground that they were 'illegally procured'. Sec. 15 'makes nothing fraudulent or unlawful that was honest and lawful when it was done. It imposes no new penalty upon the wrongdoer. But if, after fair hearing, it is judicially determined that by wrongful conduct he has obtained a title to citizenship, the act provides that he shall be deprived of a privilege that was never rightfully his.' Johannessen v. United States, 225 U.S. 227, 242, 243, 32 S.Ct. 613, 617, 56 L.Ed. 1066. And see Luria v. United States, 231 U.S. 9, 24, 34

S.Ct. 10, 13, 58 L.Ed. 101. 'Wrongful conduct'—like the statutory words 'fraud' or 'illegally procured'—are strong words. Fraud connotes perjury, concealment, falsification, misrepresentation or the like. But a certificate is illegally, as distinguished from fraudulently, procured when it is obtained without compliance with a 'condition precedent to the authority of the Court to grant a petition for naturalization.' Maney v. United States, 278 U.S. 17, 22, 49 S.Ct. 15, 73 L.Ed. 156."

The prayer of the petitioner that the certificate of citizenship issued to Bernard Forrest be set aside and cancelled is granted.