UNITED STATES of America, ex rel. John J. BARRY in behalf of Oswald Walton Holmes, a/k/a George B. Parker, Relator,

v.

Edward J. SHAUGHNESSY, District Director of the Immigration & Naturalization Service, District of New York, Respondent.

United States District Court
S. D. New York.
Aug. 2, 1957.

882

Barry & Barry, Long Island City, N. Y., John J. Barry, Long Island City, N. Y., of counsel, for relator.

Paul W. Williams, U. S. Atty.; New York City, Charles J. Hartenstine, Jr., Sp. Asst. U. S. Atty., New York City, of counsel, for respondent.

SUGARMAN, District Judge.

On the return of a writ of habeas corpus directed to Edward J. Shaughnessy, District Director of the Immigration and Naturalization Service, District of New York, a concededly deportable alien who entered this country as a stowaway on October 9, 1956, seeks through his attorney as relator, an order which would permit the alien to file a petition for naturalization, *nunc pro tunc*, under Section 328 of the Immigration and Nationality Act.[1]

The alien, according to the petition herein, was "discharged from the United States Army, with his character of separation being described as 'undesirable' because of his concealment of his true citizenship status" on May 1, 1956. He attempted to file his petition under Section 328 on or about May 13, 1957. On June 24, 1957, the Army Discharge Review Board changed the alien's discharge to an honorable discharge. Thus, while the nature of the alien's discharge at the time he attempted to file under Section 328 would have precluded the benefits of that section to him, the subsequent action of the Army Discharge Review Board corrected the deficiency. That leaves open the sole question of the timeliness of the attempted filing on or about May 13, 1957.

The act requires that a petition under Section 328 be filed "while the petitioner is still in the service or within six months after the termination of such service." A filing within the statutory time is a condition precedent to granting "to an alien rights that do not yet exist."[2]

Regardless of the supposed equities which the alien's counsel urges in support of this application, the court is powerless to aid the alien[3] and the writ is dismissed.

---

1. 8 U.S.C.A. § 1439.

2. Maney v. United States, 1928, 278 U.S. 17, 22, 49 S.Ct. 15, 16, 73 L.Ed. 156.

3. Cf. Application of Campbell, D.C.E.D. Wash.1925, 5 F.2d 247; Application of Barilla, D.C.S.D.N.Y.1939, 29 F.Supp. 952.