Petition of Roberto DI FRANCO For an
Order Nunc Pro Tunc, Changing Peti-
tioner's Naturalization Date From
March 8, 1971 To May 5, 1963.

No. 801504.

United States District Court,
S. D. New York.

March 8, 1972.

Joseph L. Belvedere, Brooklyn, N. Y.,
for petitioner.

Whitney North Seymour, Jr., U. S.
Atty. for the Southern District of New
York, for the United States; Stanley H.
Wallenstein, and Joseph P. Marro, Spe-
cial Asst. U. S. Attys., of counsel.

## OPINION

MacMAHON, District Judge.

Petitioner moves for an order chang-
ing the date of his naturalization from
March 8, 1971 nunc pro tunc to May 5,
1963.

It appears that petitioner, now 24
years old, was the minor child of a Unit-
ed States citizen in May 1963 and, as
such, was eligible for naturalization
upon application of his citizen father. 8
U.S.C. § 1433(a). His father, however,
never made such an application. Never-
theless, petitioner lived most of his life
under the mistaken belief that he was a
United States citizen. When informed
that he was not, he applied for natural-
ization and was naturalized on March 8,
1971. Thereafter, petitioner was dis-
charged from the New York City Police
Department because he was not a citizen
in 1967 when he applied for employment.

A nunc pro tunc order may be
made to record some actual fact which
has gone unrecorded through inadvert-
ence or mistake, so that the order takes
effect as of the date the fact actually oc-
curred. However, it is not the function
of a nunc pro tunc order to antedate the
actual performance of an act, to supply
facts which never existed, or to embody
a fiction that something which never
happened did actually occur. Maney v.
United States, 278 U.S. 17, 49 S.Ct. 15,
73 L.Ed. 156 (1928); Matthies v. Rail-
road Retirement Bd., 341 F.2d 243 (8th
Cir. 1965).

In seeking to have his natural-
ization predated to 1963, petitioner
would have us supply facts that never
existed. Petitioner's father never made
any application for naturalization of his
son in 1963, and petitioner did not un-
dergo the necessary investigation nor
take the oath of allegiance until his ac-
tual naturalization in 1971. No alien

has a right to naturalization without compliance with all of the statutory requirements. United States v. Ginsberg, 243 U.S. 472, 37 S.Ct. 422, 61 L.Ed. 853 (1917). Although petitioner was eligible for naturalization in 1963, he did not comply with any of the statutory requirements and, thus, did not acquire the right to naturalization in that year.

Therefore, although we sympathize with petitioner's plight, this motion for an order antedating the actual occurrence of his naturalization must be denied.

So ordered.