**Petition for Naturalization of FANG LAN DANKOWSKI.**

**No. 17534a.**

District Court of Guam.

Oct. 31, 1979.

---

1204

Gary Y. Fujiwara, U. S. Dept. of Justice, Immigration and Naturalization Service, Honolulu, Hawaii, for respondent.

John Dankowski (husband of petitioner) for petitioner.

## ORDER DENYING PETITION

DUENAS, District Judge.

Petitioner Fang Lan Dankowski filed a Petition for Naturalization in the District Court of Guam on October 12, 1979, pursuant to the provisions of Section 319(b), Immigration and Nationality Act, 8 U.S.C., Section 1430(b).

A preliminary examination was conducted by the designated Naturalization Examiner on the petition filed by Dankowski.

A written finding and recommendation was filed by the Naturalization Examiner on October 18, 1979, as follows:

That the petitioner is the wife of a United States citizen employed as a school teacher at the Taipei American School in Taiwan; that such school is not an agency of the United States government; that such school is not an American firm or corporation organized in whole or in part for development of foreign trade or commerce of the United States; and that such school is not an American institution of research recognized as such by the Attorney General of the United States.

The Naturalization Examiner concluded that the petitioner has not established her eligibility for expeditious naturalization under the provisions of Section 319 of the Immigration and Nationality Act (8 U.S.C., Sec. 1430), nor under any other provisions of the Immigration and Nationality Act.

On the basis of his findings, the Naturalization Examiner recommended that the Petition for Naturalization be denied.

On the morning of October 19, 1979, a naturalization proceeding ceremony was held in the District Court of Guam. The petitioner, accompanied by her husband, came to Guam from Taiwan for the proceeding acting on the assumption that a favorable recommendation might be forthcoming from the Naturalization Examiner.

Since the Dankowskis were then present in Guam, the Naturalization Examiner requested that an oral hearing be held on the recommended denial of the petition. The formality of written notices and other procedural requisites were waived by the parties and an oral hearing was had on the 19th of October.

"*Section 1430. Married persons and employees of certain nonprofit organizations.*

(a) . . .

(b) Any person, (1) whose spouse is (A) a citizen of the United States, (B) *in the employment of the Government of the United States,* or of an American institution of research recognized as such by the Attorney General, *or of an American firm or corporation engaged in whole or in part in the development of foreign trade and commerce of the United States,*

or a subsidiary thereof, or of a public international organization in which the United States participates by treaty or statute, or is authorized to perform the ministerial or priestly functions of a religious denomination having a bona fide organization within the United States, or is engaged solely as a missionary by a religious denomination or by an interdenominational mission organization having a bona fide organization within the United States, and (C) regularly stationed abroad in such employment, and (2) who is in the United States at the time of naturalization, and (3) who declares before the naturalization court in good faith an intention to take up residence within the United States immediately upon the termination of such employment abroad of the citizen spouse, may be naturalized upon compliance with all the requirements of the naturalization laws, except that no prior residence or specified period of physical presence within the United States or within the jurisdiction of the naturalization court or proof thereof shall be required." (Italics supplied).

The basic issues:

(a) Is the Taipei American School an *agency* of the United States?

(b) If not an agency of the United States, is it an *American firm* or *corporation*?

(c) If it is an American firm or corporation, is it engaged in whole or in part in the *development* of *foreign trade* and *commerce* of the United States?

Petitioner is married to John Dankowski, an American citizen, presently employed as a school teacher at the Taipei American School Foundation (TAS), now called Taipei International School (TIS).

The school was established in 1949 and its primary purpose is catering to the educational needs of dependents of the American military, business, embassy and missionary community in Taiwan.

The Taipei American School is not an agency of the United States; hence, John Dankowski is not an employee of the United States.

On April 4, 1979, the Philadelphia, Pennsylvania office of the Immigration and Naturalization Service, U. S. Department of Justice, submitted a written report relative to an investigation made on the AMERICAN SCHOOL OF TAIPEI. (Exhibit E).

It was reported on pages 2 and 3 of Exhibit E under the caption "Details":

"On March 16, 1979 Edward MEADOR, Director, Division of International Education Services, United States Department of Health, Education, and Welfare (HEW), Washington, DC, was telephonically contacted at his office (FTS 245–9692). He stated that to the best of his knowledge, the American School of Taipei is *not* an Agency of the United States Government; that he is familiar with the Taipei American School (TAS) in Taiwan, and perhaps SUBJECT SCHOOL's name is a transposition of TAS; that even if this is so, TAS is a private Corporation, believed to be chartered on the west coast of the United States, which serves the dependents of the diplomatic community in Taiwan. He further stated that TAS is funded by the Department of States, but is *not* an Agency of the United States Government.

"On the same date, Charles MAYBERRY, Program Officer, Office of Overseas Schools, United States Department of State, Washington, DC, was telephonically contacted at his office (FTS 235–9600). He stated that to the best of his knowledge the American School of Taipei is not an Agency of the United States Government; that TAS was provided grant assistance by the State Department, but it is not an Agency of the Government either. He further stated that the name of the Taipei American School (TAS) has been changed to Taipei International School (TIS), and that none of the schools which are funded, through grants, by the State Department are agencies of the United States Government.

"On March 20, 1979, Paul LUEBKE, Deputy Director, Office of Overseas Schools, United States Department of State, Washington, DC, was telephonically contacted at his office (FTS 235–9600).

He stated that in November 1978 he was in Taipei, but that he had no knowledge of the American School of Taipei and never heard of it; that he believed this school was probably the Taipei American School (TAS). As concerns the Taipei American School, LUEBKE stated that it was established to provide an education to dependents of United States Government workers, and others, and that educational allowances were given to parents so that their children could attend this school; that the school also received grants from the United States Department of State, but is not operated by United States Government employees; that the employees of the school, i. e. the teachers and administrators, operate under an independent Board of Directors which answers to a parent school organization; that TAS had a 'special status' under the Status of Forces Agreement between our Government and the Government of Taiwan, which was in effect until recently; that TAS was accorded this 'special status' because it educated dependents of United States government employees in Taiwan. LUEBKE then cautioned the writer that what he had said applied only to the Taipei American School and not to the American School of Taipei, adding, however, that the SUBJECT SCHOOL's name may be a transposition of TAS. He also stated that the name of the Taipei American School has recently been changed to Taipei International School."

The Taipei American School is a corporation incorporated in the State of Delaware; hence, it is an American corporation within the context of Section 1430(b), Title 8, U.S.C.

In a letter dated 15 February 1978 from Bruce D. Ferrier, Colonel, USAF, ACofS Administration/Personnel/Logistics, U. S. Taiwan Defense Command to a Mrs. Griffin of the United States Department of Justice, Immigration and Naturalization Service, Agana, Guam, (Exhibit C), there was attached as an enclosure the statement of James E. Toms, Captain, JAGC, USN, Staff

Judge Advocate (J7). The enclosed statement reads in part:

"Taipei American School Association is incorporated in the State of Delaware as Taipei American School Foundation, a non-profit institution whose purpose is to provide American public school style education for grades kindergarten through twelfth grade to children of the American community in Taipei."

In a February 22, 1979 statement certifying John Dankowski as a Secondary School teacher at the Taipei International School, Thomas J. Donahue, Superintendent of the Taipei International School (Exhibit D), stated in part:

"Taipei International School was incorporated as Taipei American School in Delaware, U. S. A. in 1971, and provides education to dependents of overseas Americans as third country nationals. Taipei International School is an institution accredited by the Western Association of Schools and Colleges."

The Naturalization Examiner stated as a finding of fact that the Taipei American School is not an American corporation because the Report of Investigation, Exhibit E, *supra*, disclosed the following:

"On March 15, 1979, the office of the Secretary of State, State of Delaware, Division of Corporation, Dover, Delaware, was telephonically contacted to ascertain whether the American School of Taipei was incorporated under the laws of Delaware. Marie SCHULTHIGH, Corporation Administrative Officer of the aforementioned office, advised that after a diligent search of their records, no record of SUBJECT SCHOOL could be found."

It is noted that the SUBJECT SCHOOL referred to in the investigation is AMERICAN SCHOOL OF TAIPEI. This raises the question whether the diligent search of the record also includes the existence or non-existence of any corporation documents as to TAIPEI AMERICAN SCHOOL.

The Taipei American School, since its inception, was never engaged in whole or in part in the *development of foreign trade* and *commerce* of the United States.

"Our school was established in 1949 with the primary purpose of educating the dependents of the American business, military, embassy and missionary community here. Today, the largest number of our students still consists of Americans.

"Indeed, our current enrollment as of this date is 720, and 450 of those students are American citizens.

"We have students in Kindergarten through 12 whose parents are engaged in business and commerce in the Republic of China, and a few of the many firms that send children to our school include Bechtel, RCA, Texas Instruments, Bank of America, Citibank, American Express, Ebasco, Ford, Timex, American Cyanamid, Ampex, Chase Manhattan Bank, Chemical Bank, Dupont, Foremost, Flying Tiger, Goodyear, Kodak, and the American Institute on Taiwan. To be exact, 400 of the students enrolled at TAS are children of American business firms, representing a total of 62 companies, and 25 from the American Institute on Taiwan."

*Letter of Thomas J. Donahue, Superintendent, Taipei American School, dated September 10, 1979, addressed to George F. Carter, Jr., Officer in Charge, U. S. Immigration and Naturalization Service, Agana, Guam, Exhibit G.*

■ While it is true that the Taipei American School, with its American curriculum and accreditation by the Western Association of Schools and Colleges, meets all the requirements for fulfilling American academic needs at the elementary and high school levels, and is an integral part of the American community in Taiwan, its primary function as an educational institution does not come within the ambit of foreign trade and commerce of the United States, which is one of the requisites of Section 1430, Title 8, U.S.C.

■ The word "trade" in its broadest signification, includes not only the business of exchanging commodities by barter, but the business of buying and selling for money, or commerce and traffic generally. *May v. Sloan*, Fla.1879, 101 U.S. 231, 25 L.Ed. 797.

In *Jeu Jo Wan v. Nagle*, CCA (Cal.), 9 F.2d 309, Wan applied for admission to the United States as a teacher pursuant to the provisions of a treaty, Act of May 6, 1882 (Sec. 6, 22 Stat. 60). The court held that the Immigration Act of 1924 abrogated the treaty, and that under said Act of 1924 only certain aliens carrying on trade under and in pursuance of the provisions of the then existing treaty of commerce and navigation are eligible for limited admission.

In *Nagle, supra,* the court defined *teacher*, trade, and commerce as follows:

"A teacher is defined by Webster as 'one who teaches or instructs; especially, one whose business or occupation is to teach others; an instructor; preceptor.'"

"The word 'trade' is defined by the same authority as 'to engage in commerce or business transactions of bargain and sale; barter; exchange; traffic; hence, to deal in something'.

"'Commerce' is defined as 'the exchange of goods, productions, or property of any kind; especially, exchange on a large scale, as between states or nations'."

The court in *Nagle, supra,* states that the definition of "trade" under the Immigration Act of 1924 is not broad enough to include a "teacher" especially when the term "trade" is used in connection with commerce and navigation. The Immigration Act of 1924 was repealed in 1952 but analogously the rationale of *Nagle* in construing a "teacher" as not being included within the context of "trade" under the Immigration Act of 1924 is equally applicable to the non-inclusion of "teacher" within the context of "foreign trade or commerce" under the provisions of 8 U.S.C., Section 1430(b).

■ Petitioner contends that the "rule" of the United States Immigration and Naturalization Service is discriminatory in that it "provides expeditious naturalization for military, business, and missionary communities; just about everyone but the relatively poor school teacher, whose salary benefits are generally much less, and who is doing much more to foster American ideals abroad than the toothpaste salesman."

The rules or statutory provisions administered by Immigration and Naturalization Service are rules of naturalization prescribed by the United States Congress. Congress possesses authority to create standards for attainment of United States citizenship by foreign-born persons. *Gonzales deLara v. U. S.,* 439 F.2d 1316.

Petitioner further stated to the court that "While changing the rules requires Congressional action, it is pertinent to beg the Court's sympathy to this point."

Once conditions for naturalization are prescribed by Congress, courts are without authority to modify or change them. *Petition for Naturalization of Quintana,* 203 F.Supp. 376.

■ To entitle petitioner to be naturalized as a United States citizen, petitioner has to show compliance with all statutory requirements. *Petition of Di Franco,* 339 F.Supp. 414.

Petitioner has the burden of showing that she meets statutory qualification for naturalization. *Sittler v. U. S.,* 316 F.2d 312, cert. den., 376 U.S. 932, 84 S.Ct. 702, 11 L.Ed.2d 652.

■ Government has strong and legitimate interest in ensuring that only qualified persons are granted citizenship and any doubts should be resolved in favor of government and against person applying for citizenship. *Berenyi v. District Director, Immigration and Naturalization Service,* 385 U.S. 630, 87 S.Ct. 666, 17 L.Ed.2d 656.

Petitioner having failed to sustain the burden of showing that she meets all the statutory qualifications for naturalization, under Section 319(b) of the Immigration and Naturalization Act, 8 U.S.C., Section 1430(b), or any other statutory provisions, the recommendation of the Naturalization Examiner for denial of petition is hereby GRANTED.

The Petition of Fang Lan Dankowski for naturalization as United States citizen is hereby denied.

IT IS SO ORDERED.