**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50014 |
| Plaintiff - Appellee, | D.C. No. 3:08-cr-01449-H-1 |
| v. | |
| DAVID LLAMAS-GONZALES, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Argued and Submitted February 9, 2011
Pasadena, California

Before: PREGERSON and WARDLAW, Circuit Judges, and ZOUHARY, District
Judge.**

David Llamas-Gonzales appeals his conviction and sentence for illegal

reentry after removal in violation of 8 U.S.C. § 1326. He argues that the district

court failed to properly instruct the jury regarding derivative citizenship and that its

---

* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

** The Honorable Jack Zouhary, District Judge for the U.S. District
Court for the Northern District of Ohio, Toledo, sitting by designation.

failure to apply newer, more favorable, citizenship requirements violated due process. Because the district court correctly instructed the jury as to the only theory of derivative citizenship supported by the record, and because Congress's decision to enact new, nonretroactive citizenship requirements withstands rational basis review, we affirm.

The district court did not err by failing to sua sponte instruct the jury as to the reduced residency requirements applicable where a U.S. citizen parent served in the military during the residency period because such an instruction had no "foundation in the evidence," *United States v. Echeverry*, 759 F.2d 1451, 1455 (9th Cir. 1985), and Llamas "did not rely on this theory of defense at trial," *United States v. Span*, 970 F.2d 573, 578 (9th Cir. 1995). The instructions given by the district court accurately presented the residency requirements for derivative citizenship under the Nationality Act of 1940. Because Llamas failed to introduce any evidence that his father served in the military during the relevant time period, the instructions given "adequately presented the defendant's theory of the case." *United States v. Dixon*, 201 F.3d 1223, 1230 (9th Cir. 2000).

Requiring Llamas to present a "foundation in evidence" for his derivative citizenship defense does not impermissibly shift the burden of proof on the issue of alienage. Although alien status is an element of the § 1326 offense that the

2

government must prove beyond a reasonable doubt, *United States v. Smith-Baltiher*, 424 F.3d 913, 921 (9th Cir. 2005), a criminal defendant still "has an obligation to raise defenses in his own behalf," *Echeverry*, 759 F.2d at 1455.

In amending the residency requirements of the 1940 Act, Congress chose not to make its changes retroactive. *See, e.g.*, Immigration Technical Corrections Act of 1988, Pub. L. No. 100-525, § 23(d), 102 Stat. 2609, 2619 ("The amendment made [to 8 U.S.C. § 1401] shall apply to persons born on or after November 14, 1986."). Thus, the requirements in effect at the time of Llamas's birth, rather than the more lenient requirements in the amendments, govern Llamas's case. *Runnett v. Shultz*, 901 F.2d 782, 787 (9th Cir. 1990).

That different residency requirements apply to different individuals claiming derivative citizenship does not run afoul of the Uniform Rule of Naturalization Clause of Article I. Although the Constitution grants Congress the power to establish "uniform" immigration rules, U.S. Const. art. I, § 8, cl. 4, "uniformity" refers to geography rather than time. *Samras v. United States*, 125 F.2d 879, 881 (9th Cir. 1942).

Nor does the application of different residency requirements violate equal protection under the Fifth Amendment Due Process Clause. Pursuant to Congress's plenary power to establish immigration rules, a naturalization scheme

3

satisfies due process if a "'facially legitimate and bona fide reason' supports the distinction made by the statute." *Barthelemy v. Ashcroft*, 329 F.3d 1062, 1065 (9th Cir. 2003) (quoting *Fiallo v. Bell*, 430 U.S. 787, 794 (1977)). The distinction must be rationally related to a legitimate government interest, and the legitimate interest need only be conceivable. *Ablang v. Reno*, 52 F.3d 801, 804–05 (9th Cir. 1995). Because Congress has a legitimate interest in regulating the number of aliens eligible for derivative citizenship, and because the prospective application of more lenient requirements is a rational means of promoting that interest, the nonretroactivity of the amended residency requirements does not violate due process.

AFFIRMED.