**In re YARINA.**

No. 110022.

District Court, N. D. Ohio, E. D.

Aug. 22, 1947.

FREED, District Judge.

The petitioner for naturalization, Michael Yarina, Jr., a young man twenty-five years of age is a native and national of Czechoslovakia. He was a two year old child when he was lawfully brought to the United States for permanent residence on August 7, 1923. He has spent his entire childhood and adult life in this country. On March 29, 1941 he entered the employment of the Morrison Knusen Company at Wake Island. He was working there when the Japanese attacked the United States at Pearl Harbor. The Japanese invading forces made their assault on Wake Island in December, 1941. Yarina, together with other patriotic civilian employees, fought the invader unsuccessfully and was captured by the Japanese on December 23, 1941. Together with others he was taken as a prisoner of war to Shanghai and later to Japan where he remained a captive until August or September 1945. On October 11, 1945 he was liberated and returned to the United States.

On July 15, 1946 under favor of Title 8 U.S.C.A. § 710, having previously married a citizen of the United States, he filed a petition for naturalization.

The Commissioner of Naturalization and Immigration opposes the granting of the petition on the grounds that the petitioner has not established a continuous legal residence in the United States for a period of three years immediately preceding the filing of the petition required by law and further that the petition is not supported by the oral testimony or the depositions of wit-

nesses as required by Title 8 U.S.C.A. § 709.

It is undisputed that the witnesses in their affidavits stated that they had personally known Yarina and had been acquainted with him in the United States since July 1943. During the period the petitioner had been a prisoner they had seen occasional cards from Yarina which had been forwarded to his parents.

There is no contention that the testimony of the witnesses contains false or fraudulent representations. It is conceded that the witnesses truthfully stated the facts and their knowledge of the facts as to Yarina's residence in the United States. It is therefore apparent that both objections raise the sole issue of whether the petitioner has complied with the continuous residence requirement to entitle him to be naturalized.

The Court's attention is specifically directed to the Nationality Act of 1940, Title 8 U.S.C.A. § 707. The pertinent portion of the Act provides: " * * * Absence from the United States for a continuous period of one year or more during the period for which continuous residence is required for admission to citizenship, immediately preceding the date of filing the petition for naturalization or during the period between the date of filing the petition and the date of final hearing, shall break the continuity of such residence * * *." It is urged by the Commissioner that the incarceration of Yarina in a Japanese prison camp during the period in question obviously deprives him of the right to be naturalized.

Numerous decisions of the Supreme Court are cited as authority for the proposition that the terms and conditions delineated by Congress in respect of the naturalization of aliens must be strictly construed and enforced and that citizenship is a privilege which may be granted only when there is a strict compliance with the statutory prerequisites. United States v. Ginsberg, 243 U.S. 472, 37 S.Ct. 422, 61 L.Ed. 853;

Maney v. United States, 278 U.S. 17, 49 S.Ct. 15, 73 L.Ed. 156; United States v. Ness, 245 U.S. 319, 38 S.Ct. 118, 62 L.Ed. 321.

It is true that the statutes relating to naturalization must be strictly construed. Strict construction, however, does not mean that the specific act here in question must be regarded as a statutory strait-jacket to which even rational interpretation cannot be applied.

It is evident that the statute which deprives a petitioner of naturalization and the right to citizenship contemplates a voluntary departure from the United States and a subsequent absence for a duration of more than one year within the period of required continuous residence.

Absence from the United States manifestly means absence voluntarily initiated. The petitioner never left the United States. But the forces of the enemy transported him to a prison camp from Wake Island. Under the circumstances, therefore, Yarina never left his residence in the United States within the purview of the statute. It is this Court's considered judgment that the petitioner's continuous residence in this country which began on August 7, 1923 was never interrupted by the act of his Japanese captors.

The Commissioner's contention, in which it is claimed he is supported by In re Hilden, D.C., 60 F.Supp. 845, may have some force or argumentative value if the petitioner had voluntarily left the United States and his return was prevented by acts beyond his control. That is not the case here presented.

It is not the strongly impelling motive of gratitude for his acts of bravery in defending the territory of the United States against the aggression of the enemy, but logical reasoning that brings this Court to the conclusion that the petition of Yarina should be granted.