## UNITED STATES v. LARSEN.

No. 96, Docket 20776.

Circuit Court of Appeals, Second Circuit.

Dec. 31, 1947.

J. Vincent Keogh, U. S. Atty., of Brooklyn, N. Y. (Mario Pittoni and Edward S. Szukelewicz, Asst. U. S. Attys., both of Brooklyn, N. Y., of counsel), for appellant.

Arnold Sigurd Larsen, pro se.

Before CHASE, CLARK, and FRANK, Circuit Judges.

PER CURIAM.

The appeal is from an order of the District Court for the Eastern District of New York granting, upon final hearing, the petition of Arnold Sigurd Larsen for naturalization. The petition was granted over the objection of the District Director of the Immigration and Naturalization Service that the applicant had not continuously resided in the United States for five years immediately preceding the filing of his petition, as required by the relevant statute, 8 U.S.C.A. § 707(a) (1).

The undisputed facts are that the appellee, a native and national of Norway, was lawfully admitted to this country for permanent residence on October 24, 1922. He filed his petition for naturalization on August 23, 1945. On or about January 14, 1942 he volunteered for active service in the armed forces of Norway and served therein from some time in January, 1942, until he was honorably discharged on July 10, 1945, after which he promptly returned to the United States. He was outside the United States during his entire service with the exception of twenty days in 1942, being

stationed in Canada and then in England from November 6, 1942 until June 5, 1945, when he was sent back to Canada where he remained until discharged.

While the statute, 8 U.S.C.A. § 707, does provide that some breaks in the actual continuity of residence in this country will not be considered as an interruption of the continuity required, such an absence as was here shown is not within those provisions. In subdivision (b) continuous absence from the United States for more than six months but less than a year during the five-year period is made presumptively a break in continuity which, however, may be rebutted by satisfactory evidence of reasonable cause for such absence. But continuous absence for more than that is expressly made a break in continuity, with exceptions not here pertinent, without provision for any rebuttal.

The legislative history of the statute is given in In re Hilden, D.C.S.D.N.Y., 60 F.Supp. 845. That well shows, we think, that the proper construction of it makes an actual absence from this country for a year or more during the five years preceding the filing of the petition for naturalization an absolute bar to the granting of it unless one of the statutory exceptions is proved.

Order reversed.