**Petition for Naturalization of Mary HOLZER.**

United States District Court
S. D. New York.
July 26, 1956.

Mary Holzer, pro se.
William J. Kenville, Naturalization Examiner, Dept. of Justice, Immigration

and Naturalization Service, New York City, for respondent.

LEVET, District Judge.

Petitioner is a native of Germany and a national of Israel who was lawfully admitted to the United States for permanent residence on August 18, 1946. She filed her petition for naturalization on March 13, 1956 under the general provisions of the Immigration and Nationality Act of 1952, 8 U.S.C.A. § 1101 et seq. The issue which is presented here is whether the continuity of petitioner's residence in the United States has been broken.

Petitioner has listed in her petition seven absences from the United States for periods of six months or longer. One of these absences extended from October 1, 1952 to September 19, 1954. The records of the Immigration and Naturalization Service show that she departed from the United States on October 1, 1952 with a re-entry permit and that she surrendered this permit upon her return to the United States on September 19, 1954.

Section 316(a) of the Immigration and Nationality Act of 1952, 8 U.S.C.A. § 1427(a), requires that a petitioner for naturalization must establish continuous residence in the United States for a period of at least five years immediately preceding the filing of the petition and until the date of final hearing. With certain exceptions which are not applicable to this case, subsection (b) of Section 316, 8 U.S.C.A. § 1427(b), provides in part as follows:

> "Absence from the United States for a continuous period of one year or more during the period for which continuous residence is required for admission to citizenship (whether preceding or subsequent to the filing of the petition for naturalization) shall break the continuity of such residence * * *."

 In this case, petitioner's absence from the United States for a period in excess of one year and eleven months within the five years immediately preceding the filing of her petition con-stitutes a break in the continuity of her residence in this country. Petitioner has stated that for several reasons, including financial, she was unable to return to the United States within the one year period. However, it has been held under a similar provision contained in Section 307(b) of the Nationality Act of 1940 that "an actual absence from this country for a year or more during the five years preceding the filing of the petition for naturalization [is] an absolute bar to the granting of it unless one of the statutory exceptions is proved." United States v. Larsen, 2 Cir., 1947, 165 F.2d 433, 434. This rule applies even where the absence from the United States beyond the statutory period was involuntary. In re Hilden, D.C.S.D.N.Y., 1945, 60 F.Supp. 845.

Therefore, the petition for naturalization must be denied.

So ordered.