Enayatollah Vafaei-Makhsoos, pro se.

Michelle A. Egan, I.N.S., St. Paul, Minn., for I.N.S.

**In re Petition for NATURALIZATION OF Enayatollah VAFAEI–MAKHSOOS.**

No. Civ. 4–84–761.

United States District Court, D. Minnesota, Fourth Division.

Nov. 27, 1984.

**MEMORANDUM AND ORDER**

MacLAUGHLIN, District Judge.

This matter is before the Court on petitioner's petition for naturalization.

**FACTS**

The facts in this case are undisputed. Petitioner, a resident of Burnsville, Minnesota, was born in Iran on May 14, 1946 and is a citizen of that country. His last permanent address prior to coming to the United States was in Teheran, Iran. Petitioner entered the United States in June 1968 as a student. Petitioner's status was adjusted to that of lawful permanent resident alien, pursuant to 8 U.S.C. § 1255, on December 22, 1977.

Petitioner left the United States in July, 1978 and remained outside the country until May of 1979. He left the United States again on or about June 26, 1979 in order to attend his mother's funeral in Iran and to take care of related family matters. Petitioner was accompanied by his wife, a citizen of Iran, and their child, a United States citizen. The American Embassy in Teheran was taken over by pro-revolutionary students in November of 1979, and the Iranian government banned all travel to the United States during the ensuing hostage crisis. Petitioner was therefore unable to return to the United States until

June 1, 1981, at which time the Iranian government had lifted the travel ban.

When the petitioner attempted to reenter the United States, the immigration inspector refused to admit him as a lawful permanent resident because his reentry permit had expired. Petitioner was admitted to the country under "parole status," which meant that he could physically enter the United States despite his failure to comply with the legal requirements for entry. INS subsequently began deportation proceedings against him. A hearing was held before an immigration judge on January 20, 1982 and July 21, 1982. The issue at this hearing was whether the petitioner had abandoned his lawful permanent resident status due to his absence. The immigration judge held that petitioner had not abandoned this status, and allowed petitioner to remain in the United States as a lawful permanent resident.

Petitioner filed the instant petition for naturalization on June 9, 1983. A preliminary investigation which included a sworn statement by the petitioner was conducted on that date. The INS issued its Findings of Fact, Conclusions of Law, and Recommendation on March 15, 1984. The naturalization examiner recommended that the petition for naturalization be denied on the ground that the petitioner had been absent from the United States for a period of longer than one year during the five year period prior to the date on which the petition was filed. 8 U.S.C. § 1427(b).

## DISCUSSION

The INS has recommended that the instant petition be denied because it is barred by section 316(b) of the Immigration and Nationality Act of 1952, as amended 8 U.S.C. § 1427(b). That section provides, in pertinent part, that:

> Absence from the United States for a continuous period of one year or more during the period for which continuous residence is required for admission to

citizenship (whether preceding or subsequent to the filing of the petition for naturalization) shall break the continuity of such residence . . . .

*Id.* The period of continuous residence that is required for naturalization is five years; the petitioner must be physically present in the country for periods totaling at least half of that time. *Id.* § 1427(a). The statutory bar in section 1427(b) for those persons absent for more than one year provides exceptions only for individuals employed by the United States government, by an American corporation engaged in foreign trade, by a public international organization, or by an American research institution recognized by the Attorney General.[1]

■ The petitioner in the instant case clearly falls within the language of section 1427(b). Petitioner was outside of the United States for almost two years during the five year period preceding his naturalization petition. Moreover, he does not fall within one of the specific narrow exceptions to section 1427(b). The issue raised by the instant petition is whether petitioner's involuntary absence constitutes "absence" within the meaning of section 1427(b). The statutory language itself draws no distinction between voluntary and involuntary absences. Moreover, the INS correctly cites two decisions which have held that a voluntary departure from the United States, followed by an involuntary absence of more than one year, precludes naturalization. *United States v. Larsen,* 165 F.2d 433 (2d Cir.1947); *In re Hilden,* 60 F.Supp. 845 (S.D.N.Y.1945) (both interpreting predecessor statute, with identical language). *See also In re Holzer's Petition,* 143 F.Supp. 153 (S.D.N.Y.1956) (statute erects absolute bar to naturalization, so that absence for greater than one year constitutes break in continuity of residence, despite financial inability to return). There is no authority to the contrary.[2]

---

1. In contrast to the limited exceptions for absences of greater than one year, the statute allows an individual absent for more than six months but less than one year to prove that he

did not abandon his United States residence during that period. *Id.* § 1427(b).

2. In *In re Yarina,* 73 F.Supp. 688 (N.D.Ohio 1947), the district court granted a petition for

While the strict interpretation of section 1427(b) in *Larsen* and *In re Hilden* yields a harsh result, the reasoning of these cases is persuasive. The statute provides for several specific exceptions to the one year absence rule; the involuntary character of the petitioner's absence is not included within these exceptions. The conclusion that Congress meant to erect an absolute bar in cases of absences greater than one year is strengthened by the fact that the statute specifically allows petitioners the opportunity to demonstrate that they did not abandon their United States residence in cases of shorter absences (from six months to one year). 8 U.S.C. § 1427(b). Finally, the purpose behind the statute which the court in *In re Hilden* relied upon provides support for the interpretation that the "one year absence rule" is an absolute bar. The purpose of the five year continuous residence requirement, according to the court, was presumably to ensure that petitioners for citizenship have been considerably exposed to American institutions. 60 F.Supp. at 846. An exception for involuntary absences would undercut this purpose.

■ Petitioner's argument is essentially that since the immigration judge has found that petitioner did not abandon his lawful permanent residence status due to the time he spent in Iran, this period should not be considered as an absence for the purposes of naturalization. This argument is without merit. The issues before the immigration judge at petitioner's deportation hearing are entirely distinct from the issue presently before the Court in connection with the instant petition for naturalization. At the deportation hearing, the critical issues were whether petitioner intended to abandon his permanent resident status when he left for Iran and whether he had a valid excuse for his failure to secure valid reentry documents. The immigration judge accepted petitioner's arguments that he did not intend to abandon his status because he planned only a temporary visit, and that the takeover of the United States Embassy constituted sufficient justification for his lack of reentry documents. The above determinations, which are highly relevant to the question of deportability, simply have nothing to do with whether petitioner has met the statutory requirements for naturalized citizenship.

Accordingly, the Court must deny the petition for naturalization at this time since the petitioner was continuously absent from the United States for a period of more than one year during the five year period prior to the date on which his petition was filed. The Court notes that petitioner will be allowed to remain in this country as a lawful permanent resident, and that he will be eligible to become a naturalized citizen in June of 1985.

Based on the foregoing, **IT IS ORDERED** that the petition for naturalization is denied.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

naturalization filed by an individual whose absence for greater than a year was the result of his capture by the Japanese during World War II. The instant case is clearly distinguishable, since the petitioner voluntarily departed from the United States. The court in *In re Yarina* acknowledged that it might have reached a different result if the petitioner's initial departure had been voluntary. 73 F.Supp. at 689.