STATE of Alaska, DEPARTMENT OF REVENUE, Appellant,

v.

Angela GAZAWAY, Jennifer Gazaway, and Andrea Gazaway, Appellees.

No. S–3120.

Supreme Court of Alaska.

June 1, 1990.

James Forbes, Asst. Atty. Gen., Anchorage, and Douglas B. Baily, Atty. Gen., Juneau, for appellant.

Hal P. Gazaway, Anchorage, and Richard Gazaway, Anchorage, for appellees.

Before MATTHEWS, C.J., and RABINOWITZ, COMPTON and MOORE, JJ.

## OPINION

COMPTON, Justice.

This is an appeal from a reversal by the superior court of a decision of the Commissioner of Revenue (Commissioner). The Commissioner denied permanent fund dividends to Angela, Andrea and Jennifer Gazaway (collectively "children") for the year 1982, and to Andrea and Jennifer for 1985. The Commissioner ruled that the childrens' absences from Alaska were not allowable absences under the applicable regulations and thus they did not satisfy the residency requirements for receiving fund dividends. The superior court reversed, holding that the children had established their residency. We conclude that the children's absences from the state were not temporary and were therefore not allowable absences entitling the children to fund dividends. We reverse.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The children, minors at the time of these proceedings, resided in Alaska with their parents Hal and Cheryl Gazaway until September 1981. After filing for divorce, Cheryl took the children to Oklahoma in September, 1981, doing so, according to Hal, without his consent. The children returned to Alaska for June, July and part of August 1982 in compliance with a child custody agreement approved by the superior court.

The custody agreement provided that the children would spend their summer vacations and alternating Christmas and spring vacations with Hal in Alaska. The remainder of the year would be spent with their mother in Oklahoma.

In September 1982 Hal submitted permanent fund dividend applications[1] for the children. The Department of Revenue (DOR) initially distributed dividends to the children, but later determined that their absences from the state were not allowable absences, and demanded that the dividends be returned.

Hal also submitted permanent fund dividend applications for the children for 1985. The applications for two of the children were denied for the same reason as the 1982 dividends. The DOR determined that the oldest child was absent from the state

for an allowable reason and approved her application.[2]

Following an appeal by the children, the DOR upheld both denials. The children then appealed to the superior court, pursuant to Alaska Appellate Rule 601, which reversed the DOR's decision.

The superior court held that the children had established their Alaska residency by "overwhelming evidence." The court further held that the children's Alaska residency was not forfeited by their absence from the state pursuant to a divorce decree. The DOR appealed to this court.

## II. DISCUSSION

### A. THE ABSENCE OF THE CHILDREN WAS NOT TEMPORARY IN NATURE OR DURATION AND THUS DID NOT CONSTITUTE AN ALLOWABLE ABSENCE.

 To be eligible for dividends, 15 AAC 23.450[3] (applicable to 1982 dividends) and 15 AAC 23.655[4] (applicable to 1985 dividends) require that any absences from the state during the six months prior to the date of application be for one of twelve enumerated reasons. 15 AAC 23.460 (1982); 15 AAC 23.665 (1983). The only allowable absence for which the children might arguably qualify authorizes the department to find an absence to be allowable if it is of a temporary nature and duration. 15 AAC 23.460(j) (1982)[5]; 15 AAC 23.665(j) (1983).[6] Thus, a threshold consideration

---

1. The "permanent fund" is an account established by the Alaska Constitution into which is placed a portion of the money paid to the state by developers of Alaska's natural resources. Each year a portion of the earnings of the fund is distributed as "dividends" to qualified Alaska residents who apply to receive them. *See* AS 37.13.020.

2. Although the DOR did distribute a dividend to Angela Gazaway in 1985 upon her entering high school, the DOR does not concede the propriety of this payment. We have not been requested to review the propriety of that action.

3. 15 AAC 23.450(a) reads in pertinent part:
 An individual may not claim a dividend payment if during the six months immediately preceding his or her application the individual was absent from the state for one or more reasons not included as an allowable absence under 15 AAC 23.460.

4. 15 AAC 23.655(a) reads in pertinent part:
 An individual may not claim a dividend payment if during the six-month period described in 15 AAC 23.615(a)(2) the individual was absent from the state for one or more reasons not included as an allowable absence under 15 AAC 23.665.

5. 15 AAC 23.460(j) reads in pertinent part:
 An absence for any other purpose will, in the department's discretion, be allowed by the department of the nature and duration of the absence are temporary and are consistent with an intent to return to the state and remain permanently in the state.

6. 15 AAC 23.665(j) reads in pertinent part:
 An absence ... will, in the department's discretion, be allowed by the department [DOR] if the nature and duration of the absence are temporary and are consistent with an intent

regarding the children's entitlement to dividends is whether their absence from the state was temporary.

■ In the formal hearing following the denial of the children's dividends, the DOR found that the children's absences were not allowable under 15 AAC 23.460(j) or 15 AAC 23.665(j). Since this conclusion is the result of an agency's interpretation of its own regulations, the "reasonable basis" standard of review is appropriate. *Rose v. Commercial Fisheries Entry Comm'n,* 647 P.2d 154, 161 (Alaska 1982). The DOR interpreted its regulation permitting absences from Alaska that are temporary in nature and duration to include only absences that are not longer in duration than the time actually spent in Alaska. We conclude that this is a reasonable interpretation of the regulation.

Temporary is defined as "[t]hat which is to last for a limited time only." *Black's Law Dictionary* 1312 (5th ed. 1979). It is evident from the facts that the children were present in Alaska for only a limited time every year.[7]

The children were in Alaska for less than a third of the years in question. Their absences from the state were regular and of longer duration than their presence in the state. In effect, the children were temporarily present in Alaska, not temporarily absent.

■ The children also claim that the distinction made by AS 43.23.095(7)(B)[8] between secondary and elementary education violates their right to equal protection. We decline to reach this issue.

Arguments are considered on appeal if raised explicitly in the superior court, or if the issue is "1) not dependent on any new or controverted facts; 2) closely related to the appellant's trial court arguments; and 3) could have been gleaned from the pleadings," or if failure to address the issue would propagate "plain error."

(Citations omitted). *Sea Lion Corp. v. Air Logistics of Alaska,* 787 P.2d 109, 115 (Alaska 1990). In this case, the children did not raise this issue at the administrative hearing or on appeal to the superior court. In addition, there is no record concerning the legislative intent behind the statute or the purpose behind the children's attending school in Oklahoma. The children's argument at the administrative hearing alleging that the durational residency requirement infringed their right to travel is not closely related to this challenge of AS 43.23.095(7)(B), nor may this argument be gleaned from their pleadings. We therefore deem the children's equal protection argument waived. *State v. Northwestern Constr., Inc.,* 741 P.2d 235, 238–39 (Alaska 1987).

## B. THE CHILDREN DID NOT RETAIN THEIR ALASKA RESIDENCY FOR DIVIDEND PURPOSES AS A RESULT OF THEIR ABSENCE FROM THE STATE PURSUANT TO A DIVORCE DECREE.

■ The children contend, and the superior court held, that since their absences from the state were in compliance with a divorce decree, they did not lose their Alaska residency. In support of its holding, the superior court cited *In re Yarina,* 73 F.Supp. 688 (N.D. Ohio 1947). *Yarina* involved an immigrant to the United States who, while living on United States soil in order to become naturalized, was captured by the Japanese in the early days of World War II. Following Yarina's release at the

to return to the state and remain permanently in the state.

**7.** The children urge that since they regularly return every summer and every other Christmas and spring vacation to Alaska, their absences must be temporary. This argument, however, does not withstand analysis. The fallacy in the argument is apparent if, for example, the children returned regularly to Alaska for only Christmas Day. Although present in Alaska for only one day a year, the children would have us hold that such an absence from Alaska is tempo-

rary since they return every year. This is not a reasonable construction of "temporary."

**8.** AS 43.23.095(7)(B) reads as follows:

(7) "state resident" means an individual who is physically present in the state with the intent to remain permanently in the state or, if the individual is not physically present in the state, intends to return to the state and is absent only for any of the following reasons:
. . . .
(B) secondary or postsecondary education;

end of the war, he was denied citizenship because he had not lived on United States soil for the required period of time. The court held that the statute denying citizenship to an alien absent for more than one year during his naturalization contemplated a voluntary absence. *Id.* at 689. Yarina's capture and removal by enemy forces, the court held, was involuntary and that for purposes of naturalization Yarina had never left American soil. *Id.*

*Yarina* bears little resemblance to the case at hand. Although Hal claims that the children were originally taken to Oklahoma by his wife without his consent, it is not claimed that they were abducted, kidnapped, or taken by force. The superior court ordered the children to spend part of the year in Oklahoma for the sole reason that it was agreed to by their parents in a custody agreement.

### C. THE CHILDREN ARE NOT ENTITLED TO ATTORNEY'S FEES.

A prevailing public interest litigant may be entitled to an award of full, reasonable attorney's fees. The superior court so ordered. In view of our disposition of the case, the children are no longer the prevailing parties in the superior court and thus they are not entitled to attorney's fees. The award is vacated.

### III. CONCLUSION

The children's absences from the state were not of a temporary nature or duration. Therefore, they were not entitled to dividends during the relevant period. The children waived any objection to an alleged unconstitutionality of AS 43.23.095, by failing to raise the issue before the administrative tribunal or the superior court. Finally, because the children are no longer prevailing public interest litigants, they are not entitled to attorney's fees. Accordingly, we REVERSE the judgment, and REMAND to the superior court for proceedings consistent with this opinion.

BURKE, J., not participating.