**STATE OF ALASKA, DEPARTMENT OF REVENUE, PERMANENT FUND DIVIDEND DIVISION, Appellant,**

v.

**Christopher BRADLEY, Appellee.**

No. S–5834.

Supreme Court of Alaska.

June 9, 1995.

Marilyn May, Asst. Atty. Gen., Anchorage, Bruce M. Botelho, Atty. Gen., Juneau, for appellant.

Frederick T. Slone, Kasmar and Slone, Anchorage, for appellee.

Before MOORE, C.J., and RABINOWITZ, MATTHEWS, COMPTON and EASTAUGH, JJ.

*OPINION*

MATTHEWS, Justice.

This case involves the Department of Revenue's denial of Christopher Bradley's appli-

---

cation for a permanent fund dividend for the 1990 calendar year.

## I. FACTS AND PROCEEDINGS

Christopher Bradley (Bradley) was born in Alaska and has lived in this state most of his life. Bradley served in the military from 1982 to 1985 and maintained his Alaska residency during that time. After his discharge from the military, Bradley enrolled as a full-time student at the University of Utah. In the summer following his first year of school, Bradley returned to Alaska to work. At the end of the summer, Bradley began his drive back to Utah, but was involved in an auto accident which delayed his return to the University. Although Bradley intended to enroll as a full-time student, the delay caused him to miss the registration deadline. He was, therefore, unable to attend school full-time during the fall quarter. Bradley's failure to register for certain classes in the fall made him ineligible to take the follow-up courses during the winter quarter.[1] As a result, Bradley was enrolled as a part-time student from September 1989 through March 1990. He returned to Alaska in April 1990 and has remained in the state since that time. Bradley paid non-resident tuition the entire time he attended school in Utah.

Bradley filed a timely application for a 1990 permanent fund dividend (PFD). The Department of Revenue, Permanent Fund Dividend Division (Department) denied his application on the grounds that he was "not enrolled as a full time student or . . . paying resident tuition" during his absence from the state. Bradley appealed the denial, and after two Department hearings, the denial was upheld. Bradley appealed to the superior court. The superior court reversed, holding that the regulation upon which the Department's decision was based was invalid. The Department appeals.

## II. DISCUSSION

■■■ Bradley argues that he is entitled to a PFD because he meets the requirements of AS 43.23.095(8)(B).[2] At the time Bradley filed his application a state resident was defined as

> an individual who is physically present in the state with the intent to remain permanently in the state or, if the individual is not physically present in the state, intends to return to the state and is absent only for any of the following reasons:
>
> . . . .
>
> (B) secondary or postsecondary education;

AS 43.23.095(8)(B).[3] Regulation 15 AAC 23.175 adds detail to this requirement:

> (a) If an individual was not physically present in Alaska for the entire period described in AS 43.23.005(a)(2), that individual must have been a resident of Alaska immediately before departure from Alaska, be absent for one or more of the allowable reasons set out in (c) of this section or for a reason allowed by the department under (d) of this section, and demonstrate at all times during the absence an intent to return to Alaska and remain permanently in Alaska.
>
> . . . .
>
> (c) An individual who otherwise qualifies, but who was not physically present in Alaska for a period of at least 24 consecutive months immediately preceding April 1 of the current dividend year, may be eligible to apply for and receive a permanent fund dividend if the individual complies with AS 43.23.005(a)(3) and was absent primarily for one of the following reasons:
>
> . . . .
>
> (2) enrollment in good standing as a full-time student at a college, university,

---

1. Bradley testified that the classes he needed were offered in consecutive quarters so that to be a full-time student in the winter and spring quarters he had to have started the classes in the fall. Since he missed the fall registration deadline, he was unable to maintain full-time student status in the later quarters.

2. This court gives no weight to the superior court's decision when, as here, the superior court

was acting as an intermediate appellate court. *South Anchorage Concerned Coalition, Inc. v. Coffey,* 862 P.2d 168, 173 (Alaska 1993); *Cook Inlet Pipe Line Co. v. Alaska Pub. Util. Comm'n,* 836 P.2d 343, 348 (Alaska 1992).

3. This statute was subsequently amended in April 1992.

junior or community college, accredited by the accreditation association for the region in which the college or university is located, for the purpose of pursuing an associate, baccalaureate or graduate degree....[4]

Bradley argues that since 15 AAC 23.175(c)(2) excludes PFD applicants who fall within the literal statutory definition of eligible applicants, it is not consistent with the statutory purpose of AS 43.23.095(8)(B) and is also unreasonable and arbitrary.[5]

This court resolved a similar issue in *State, Dep't of Revenue v. Cosio*, 858 P.2d 621 (Alaska 1993). In *Cosio*, we held that AS 43.23.015(a) authorized and required the Commissioner of the Department of Revenue to promulgate regulations defining substantive eligibility requirements for PFDs. Alaska Statute 43.23.015(a) provides:

> The commissioner shall adopt regulations under the Administrative Procedure Act (AS 44.62) for determining the eligibility of individuals for permanent fund dividends. The commissioner may require an individual to provide proof of eligibility, and the commissioner may use other information available from other state departments or agencies to determine the eligibility of an individual. The commissioner shall consider all relevant circumstances in determining the eligibility of an individual. However, the residency of an individual's spouse may not be the principal factor relied upon by the commissioner in determining the residency of the individual.

We then considered whether a particular regulation at issue was consistent with the statutory purpose and reasonable and not arbitrary. *Id.* at 624–25.

The challenged regulation restricted eligibility for PFDs to aliens with resident alien or refugee status only. The appellees were denied PFDs based on their status as illegal

aliens. *Id.* at 623. The question before this court was whether the regulation added "a permissible gloss to the statutory phrase 'intent to remain permanently in the state.'" *Id.* at 624; *see* AS 43.23.095(8).

In upholding the regulation, we stated that one of the objectives of AS 43.23.015(a) was "to require the commissioner to make substantive regulations resolving questions as to who is and who is not a permanent resident." *Cosio*, 858 P.2d at 625. We concluded that the regulation at issue was such a regulation. *Id.* The regulation's exclusion of some PFD applicants who arguably fell within the statutory definition of eligible applicants did not mean that the regulation was unlawful as long as the exclusion was "consistent with the statutory purpose and 'reasonable and not arbitrary.'" *Id.* at 625 (citation omitted); *see also Whaley v. State*, 438 P.2d 718 (Alaska 1968) (upholding rule which excluded probationary and provisional employees from the statutory classification "employees in the classified service" although the statute itself did not contain such an exclusion).

In the present case, Bradley argues that unlike the regulation upheld in *Cosio*, 15 AAC 23.175(c)(2) is not consistent with the statutory purpose. He argues that the purpose of AS 43.23.095(8)(B) was to allow people to maintain their Alaska residency while pursuing an education outside the state. He contends that the regulation serves to discourage Alaska residents from furthering their educational objectives by denying a PFD to those who choose to pursue their education on a part-time basis.

Even assuming that some students are discouraged from part-time education outside of Alaska, the Department's requirement that a student be enrolled full-time in an accredited institution is not inconsistent with AS 43.23.095(8)(B). The regulation appropriately adds content to the standard set forth

---

4. Repealed January 1, 1993.

5. In determining whether a regulation is valid, this court must
   [first] ascertain whether the regulation is consistent with and reasonably necessary to carry out the purposes of the statutory provisions conferring rulemaking authority on the agency. This aspect of review insures that the agency

has not exceeded the power delegated by the legislature. Second, [this court] will determine whether the regulation is reasonable and not arbitrary.

*State, Dep't of Revenue v. Cosio*, 858 P.2d 621, 624 (Alaska 1993) (quoting *Kelly v. Zamarello*, 486 P.2d 906, 911 (Alaska 1971) (footnote omitted)).

in the statute. In addition, it facilitates the Department's duty to determine whether an individual is outside Alaska "only" to pursue a "secondary or postsecondary education."

■ Bradley also contends that the regulation is arbitrary and unreasonable. He argues that, because each educational institution determines the meaning of a full-time student, the requirement that students be full-time in order to qualify for a PFD is arbitrary. However, the Department ensures the legitimacy of the institution and its attendance standards by requiring that the institution be "accredited by the accreditation association for the region in which the college or university is located." 15 AAC 23.175(c)(2). As a result of this standard, the recognized bounds of "full-time status" are circumscribed and not arbitrary.[6]

Bradley also argues that the regulation is unreasonable because it requires an individual to attend school full-time even if the individual needs only a limited number of courses to obtain his or her degree. However, the possible exclusion of one deserving recipient does not make the regulation unreasonable. The purpose of the regulation is to avoid unwarranted dividend payments without unduly burdening the agency. Adopting a regulation conditioning student status upon full-time attendance is a reasonable means of accomplishing this goal. Moreover, in the event that a student needs only one or two classes to obtain a degree, as Bradley hypothesizes, he or she may qualify for a PFD under 15 AAC 23.175(d).[7]

## III. CONCLUSION

Regulation 15 AAC 23.175(c)(2) is consistent with AS 43.23.015(a) because it defines "absent only for ... secondary or postsec-

ondary education" and thereby resolves the question of who is a permanent resident qualified to receive a PFD. The regulation is not arbitrary or unreasonable. Consequently, we REVERSE the superior court's decision and uphold the Department's denial of Bradley's PFD application.

**A.H., Appellant,**

v.

**W.P., Appellee.**

No. S–5683.

Supreme Court of Alaska.

June 9, 1995.

---

6. The regulation need not be the only or most effective means of carrying out the Department's goals. *See State v. Anderson,* 749 P.2d 1342, 1346 (Alaska 1988). Rather, this court must only decide whether the regulation the Department actually adopted is reasonable and not arbitrary. *Id.* at 1346 (citing *Kelly v. Zamarello,* 486 P.2d 906 (Alaska 1971)).

7. 15 AAC 23.175(d) states:
(d) An absence for any purpose other than one stated in (c) of this section will, in the department's discretion, be allowed by the depart-

ment if the nature and duration of the absence are temporary and are consistent with an intent to return to Alaska and remain permanently in the state.
An individual absent for a quarter or a semester while completing a degree may qualify for a PFD under this section. *But see State, Dep't of Revenue v. Gazaway,* 793 P.2d 1025, 1027 (Alaska 1990) (upholding Department's interpretation of regulation permitting absences from Alaska only if the absence was not not longer in duration than the time actually spent in Alaska).